**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0004-21

OLABODE AJOSE,

    Plaintiff-Appellant,

v.

PATRICIA HALLOWELL,
n/k/a PATRICIA LAWRENCE,

    Defendant-Respondent.

_____

Submitted June 7, 2022 – Decided June 16, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FD-12-1630-01.

Olabode Ajose, appellant pro se.

Bernstein & Manahan, LLC, attorneys for respondent (James P. Manahan, on the brief).

PER CURIAM

This is the second time the parties have been before us in this dispute about the ownership of a home they once shared in Dayton. Prior to the first appeal, the trial judge conducted a plenary hearing and concluded that although the home was titled only in plaintiff Olabode Ajose's name, defendant Patricia Hallowell possessed an equitable interest. The judge ordered Ajose to execute a deed, which Hallowell was ordered to prepare, that would reflect each owned an equal share of the Dayton property. After Hallowell, who was self-represented, failed on numerous occasions to adequately or timely comply with the judge's repeated directives about the submission to Ajose of a deed, the judge vacated the prior order that acknowledged Hallowell's interest in the property. Only then did Hallowell retain counsel, who unsuccessfully moved for reconsideration, prompting Hallowell to file an appeal. For reasons expressed in an unpublished opinion, we reversed and remanded for further proceedings "that would include an orderly transfer of the property interest to H[a]llowell and for the judge's consideration of an appropriate monetary award to compensate Ajose – if appropriate, considering as well his alleged failures to cooperate – for the injuries proximately caused by H[a]llowell's failure to comply with the prior orders." Ajose v. H[a]llowell, No. A-5002-18 (App. Div. Apr. 6, 2020) (slip op. at 6).

A-0004-21

On July 27, 2020, the judge ordered Hallowell to provide a quitclaim deed, which would transfer the property from Ajose to Ajose and Hallowell "as joint tenants in common without the right of survivorship, with each party owning 50% of the property." The order also directed Hallowell to pay Ajose $750 because of Hallowell's failure to comply with the earlier directives preceding the first appeal. In compliance with this order, Hallowell's attorney provided a conforming quitclaim deed, which was duly executed and recorded.

While those steps fully completed the requirements of our mandate, the parties moved for changes to the trial judge's July 27, 2020 order. Ajose sought an increase in the $750 sanction, and Hallowell sought a greater share of the Dayton home. The judge permitted the parties to take discovery into these issues, and he conducted a plenary hearing over the course of three days in February and April 2021. On May 4, 2021, the judge entered an order that denied both parties' requests for modifications of the July 27, 2020 order for reasons expressed in a written decision. Ajose's reconsideration motion was denied on July 8, 2021, for reasons expressed by the judge in an oral decision.

Ajose appeals the May 4, and July 8, 2021 orders, arguing the trial judge "abused his discretion in denying [his] post-judg[]ment motion" and "by not reversing a reversible decision." We find no merit in Ajose's arguments and

3

affirm substantially for the reasons set forth by the experienced trial judge in his thorough and well-reasoned May 4 and July 8 decisions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0004-21